**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ALLEN DWAYNE SIMPKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 13-1149-KHV** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Allen Dwayne Simpkins appeals the final decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* For reasons set forth below, the Court affirms the judgment of the Commissioner.

**Procedural Background**

On March 15 and April 1, 2010, plaintiff filed his disability and supplemental security applications with the Social Security Administration. See Transcript Of Administrative Record (Doc. #11) filed September 11, 2013 ("Tr.") at 134-42. He alleged a disability onset date of October 20, 2008. Plaintiff's benefit application was denied initially and on reconsideration. On March 23, 2012, an administrative law judge ("ALJ") concluded that plaintiff was not under a disability as defined in the Social Security Act and that he was not entitled to benefits. See id. at 11-19. On February 13, 2013, the Appeals Council denied plaintiff's request for review. See id. at 1-5. Plaintiff appealed the final decision of the Commissioner to this Court. The decision of the ALJ stands as the final decision of the Commissioner. See 42 U.S.C. § 405(g).

**Factual Background**

The following is a brief summary of the evidence presented to the ALJ.

Plaintiff is 28 years old. In October of 2007, plaintiff was diagnosed with HIV. Tr. 15, 270. Plaintiff testified that in October of 2008, he quit his job as a call center representative at GMAC because his medications were causing drowsiness. Tr. 30. From November of 2007 to January of 2012, plaintiff's weight decreased from 188 pounds to 164.5 pounds. Tr. 15, 270, 329. Other than weight loss, plaintiff remained virtually asymptomatic and repeatedly reported feeling well. On September 6, 2011, Steven G. Randall, a physician assistant, noted that plaintiff wanted him to complete paperwork in support of a disability application. Tr. 329. Plaintiff told Randall that he had decided to file for disability because of fatigue. Id.

On September 22, 2011, Randall opined that plaintiff could lift no more than ten pounds occasionally, could sit no more than two hours in an eight-hour workday, and could stand and walk for less than two hours in an eight-hour workday. Tr. 313-14. Randall also opined that plaintiff would need to alternate sitting and standing every hour and would require one to two unscheduled breaks throughout the day with each break lasting approximately 15 minutes. Tr. 314.

The ALJ gave little weight to Randall's opinion. Tr. 16. The ALJ noted as follows:

> The regulations at 20 CFR 404.1513 and 416.913(a) list acceptable medical sources, and the types of medical reports that can establish impairments. As a physician assistant, Mr. Randall is not an acceptable medical source and this opinion, standing alone, cannot constitute documentation of severe or disabling vocational limitations. This report, however, has been considered with respect to severity and affect on function (Social Security Ruling 06-3p).
>
> The undersigned finds that Mr. Randall's opinion is neither well-supported by, nor consistent with, the objective medical evidence. As discussed above, the Claimant's treatment records overwhelmingly indicate that the claimant has been asymptomatic. The claimant has, on all but one occasion, reported feeling well with no significant complaints. Physical examinations have also been uniformly normal. Further, Mr.

> Randall's opinion is not even consistent with the claimant's own reported abilities and activities. In an adult function report completed in April of 2010, the claimant reported being able to lift up to 20 pounds (Exhibit 6E at 6). At the hearing, he reported helping his grandmother with the grocery shopping several times a month, and indicated that this help includes carrying the groceries into the house. The claimant's mother, who completed a third party function report, indicated that these shopping trips occur about twice per month, and usually last[ed] from 45 minutes to an hour, which would seem to contradict the claimant's assertion that he can walk only 10 feet and stand no more than 5 minutes at a time (Exhibit 5E at 4). The undersigned also notes that Mr. Randall, in his opinion, lists the claimant's diagnosis as acquired immune deficiency syndrome (AIDS). This stands in stark contrast to the claimant's medical records, which indicate that the claimant's diagnosis remains HIV that has not yet progressed to AIDS (Exhibits 1F, 2F, 6F, 9F). Treatment records subsequent to this opinion continue to list the claimant's diagnosis as HIV (Exhibit 9F at 15. For these reasons, . . . the undersigned has been able to give little weight to Mr. Randall's opinion.

Tr. 16.

> In his order of March 23, 2012, the ALJ made the following findings:
>
> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since October 20, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.)*.
>
> 3. The claimant has the following severe impairment: human immunodeficiency virus (HIV) (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with no climbing ropes, ladders or scaffolds, and claimant should have the option to alternate between sitting and standing work positions every hour, while staying on task.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 3, 1987 and was 21 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 20, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. at 13-19.

## Standard Of Review

The ALJ decision is binding on the Court if supported by substantial evidence. See 42 U.S.C. § 405(g); Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987). The Court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards. See Castellano v. Sec'y of HHS, 26 F.3d 1027, 1028 (10th Cir. 1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Evidence is not substantial "if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (citation omitted).

**Analysis**

Plaintiff bears the burden of proving disability under the Social Security Act. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity for at least 12 months due to a medically determinable impairment. See 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is under a disability, the Commissioner applies a five-step sequential evaluation: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing his past relevant work; and (5) whether the impairment prevents the claimant from doing any kind of work. See 20 C.F.R. §§ 404.1520, 416.920. If a claimant satisfies steps one, two and three, he will automatically be found disabled; if a claimant satisfies steps one and two, but not three, he must satisfy step four. If step four is satisfied, the burden shifts to the Commissioner to establish that the claimant is capable of performing work in the national economy. See Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).

Here, the ALJ denied benefits at step five, finding that plaintiff is capable of performing work in the national economy. Plaintiff argues that (1) the ALJ did not properly evaluate plaintiff's credibility and (2) the ALJ erred by discounting Randall's opinion that plaintiff could not bend or stoop.

**I.     Evaluation Of Plaintiff's Credibility**

Plaintiff challenges the ALJ determination that his testimony about his limitations was only partially credible. In reviewing ALJ credibility determinations, the Court should "defer to the ALJ

as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casias v. Sec'y of HHS, 933 F.2d 799, 801 (10th Cir. 1991). Credibility is the province of the ALJ. Hamilton v. Sec'y of HHS, 961 F.2d 1495, 1499 (10th Cir. 1992). At the same time, the ALJ must explain why specific evidence relevant to each factor supports a conclusion that a claimant's subjective complaints are not credible. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted)). So long as he sets forth the specific evidence on which he relies in evaluating claimant's credibility, the ALJ is not required to conduct a formalistic factor-by-factor recitation of the evidence. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2001); see Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). In making a finding about credibility, the ALJ need not totally accept or totally reject the individual's statements. See Social Security Ruling ("SSR") 96-7p, 61 Fed. Reg. 34483, 34486 (July 2, 1996). Rather, the ALJ "may find all, only some, or none of an individual's allegations to be credible." See id.

The Tenth Circuit has set forth the proper framework for analyzing evidence of subjective symptoms such as fatigue. See Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain). The relevant factors are (1) whether claimant proves with objective medical evidence an impairment that causes the subjective condition; (2) whether a loose nexus exists between the impairment and the subjective condition; and (3) whether the subjective condition is disabling based upon all objective and subjective evidence. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987). In the final step, the ALJ should consider the following factors:

>the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988).

Because plaintiff satisfied the first two factors, the ALJ had to consider plaintiff's assertions regarding subjective conditions and decide whether he believed them. See Luna, 834 F.2d at 163.

Here, the ALJ found that plaintiff's impairments limited him to light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Tr. 14. In particular, he concluded that plaintiff could not climb ropes, ladders or scaffolds and must be allowed to alternate between sitting and standing every 60 minutes. Id. The ALJ rejected plaintiff's testimony that he experiences debilitating weakness and fatigue that severely limits his exertional abilities. Tr. 15. The ALJ found that plaintiff's statements that he needed a nap every afternoon, that he was incapable of walking more than ten feet without a rest and that he is unable to stand for more than five minutes at a time were not fully credible. Id. In particular, the ALJ rejected plaintiff's testimony that he is unable to work because objective medical evidence and his statements to medical providers did not support and were inconsistent with his complaints. Tr. 15-16.

### A. Consistency Of Plaintiff's Complaints With Objective Medical Evidence

The ALJ rejected plaintiff's subjective complaints in part because the objective medical evidence of record did not support them. See Luna, 834 F.2d at 165-66 (lack of objective medical evidence to support degree of pain alleged important factor to consider in evaluating claim of disabling pain); Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990) (medical records must be consistent with nonmedical testimony as to severity of pain). The ALJ observed that plaintiff's

physical exams were almost uniformly normal. Tr. 15. The ALJ reasonably concluded that the exam findings were not consistent with the degree of weakness and fatigue that plaintiff alleged.

### B. Consistency Of Plaintiff's Statements To Medical Providers

The ALJ also discounted plaintiff's testimony based upon inconsistencies with his statements to medical providers. See Kelley v. Chater, 62 F.3d 335, 338 (10th Cir. 1995) (upholding ALJ finding that testimony claimant needed two-hour nap each day was not credible because claimant failed to report restriction to physician); SSR 96-7p, 61 Fed. Reg. at 34486 (consistency of individual's statements is strong indication of credibility, especially complaints made to treating or examining medical sources). The ALJ noted that since plaintiff was diagnosed with HIV in 2007, he reported fatigue only once during a visit on September 6, 2011. Tr. 15, 325. During that same visit, plaintiff asked his treatment provider to complete a statement for his disability claim. Tr. 15, 325. During his next appointment (some four months later), plaintiff did not report fatigue. Tr. 15, 329. In particular, the follow up appointment referred to by the ALJ was on January 9, 2012, some two months before the ALJ hearing. At that appointment, plaintiff reported to Randall that he was doing well, taking his medications and had no complaints. Tr. 329. Plaintiff told Randall that he would be starting school in a week and planned to work on a degree in human services with a possible focus on counseling. Id. The ALJ also noted that plaintiff consistently reported to medical providers that he was feeling good with no significant complaints. The ALJ properly relied on plaintiff's inconsistent statements in his credibility analysis.

### C. Overall Evaluation Of Credibility Factors

Substantial evidence supports the ALJ conclusion that the objective evidence and plaintiff's inconsistent statements to medical providers does not fully support plaintiff's subjective complaints

-8-

of weakness and fatigue. Although the ALJ could have discussed the evidence in greater detail, the record need only demonstrate that he considered all of the evidence; an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citing Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett, 395 F.3d at 1172; White, 287 F.3d at 905; see Lax, 489 F.3d at 1084 (court cannot displace agency choice between two fairly conflicting views where both are supported by substantial evidence). Substantial evidence supports the ALJ conclusion that plaintiff was not disabled through the date of his decision on March 23, 2012.

## II.     Evaluation Of Treating Source Opinions

Plaintiff argues that the ALJ ignored Randall's opinion that plaintiff could not bend or stoop. Plaintiff's Social Security Brief (Doc. #15) at 20. Initially, the ALJ properly found that as a physician assistant, Randall is not an acceptable medical source under the relevant regulations. Tr. 16 (citing 20 CFR 404.1513(d) and 416.913(d) considered "other sources"). The ALJ nevertheless considered Randall's report with respect to severity and affect on function. Tr. 16 (citing SSR 06-3p).

A treating physician's opinion carries controlling weight only if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003); 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling (SSR) 96–2p, 1996 WL 374188, at *2. The opinion also is not entitled to controlling weight if it is brief, conclusory and unsupported by medical evidence. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). Even if the ALJ does not give

controlling weight to a treating physician's opinion, he or she must still give the opinion deference and weigh it using all of the factors set forth in the regulations. Watkins, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *4). In particular, the ALJ must consider the following factors: (1) the length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins, 350 F.3d at 1301; 20 C.F.R. §§ 404.1527(d) (2-6), 416.927(d) (2-6); see Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001). After considering the factors, the ALJ must give reasons for the weight he gives the treating source opinion. Watkins, 350 F.3d at 1301. If the ALJ rejects the opinion completely, he must give specific, legitimate reasons for doing so. Id.

Here, the ALJ weighed Randall's opinion under SSR 06-03p and gave adequate reasons why he gave little weight to Randall's opinion. The ALJ found that Randall's opinion was neither well-supported by, nor consistent with, the objective medical evidence which indicated that plaintiff had been asymptomatic, reported feeling good with no significant complaints and had uniformly normal physical examinations. Tr. 16. The ALJ also noted that Randall's opinion was not even consistent with plaintiff's own reported abilities and activities. Id. Finally, the ALJ discounted Randall's opinion because – in stark contrast to medical records which showed that the disease had not progressed to that stage – it listed plaintiff's diagnosis as AIDS. Id.

Plaintiff argues that the ALJ improperly discounted Randall's opinion because he stated that

plaintiff had full blown AIDS.  Plaintiff's Social Security Brief (Doc. #15) at 27.  Plaintiff maintains that medical professionals commonly use the terms "HIV" and "AIDS" interchangeably in diagnosing individuals.  Id.  Plaintiff's own medical records do not appear to use the terms interchangeably as the assessment and diagnosis sections of the records nearly uniformly refer to plaintiff's diagnosis as "Asymptomatic Human Immunodeficiency Virus (HIV)," Tr. 252, 253, 256, 258-59, 261, 263, 265, 267, 270, 306, or "Human Immunodeficiency Virus (HIV)," Tr. 318, 322, 326, 330.[1]  Contrary to plaintiff's claim of the interchangeability of the terms, the medical community generally recognizes that without treatment, HIV advances in three basic stages: (1) acute HIV infection (occurs within 2-4 weeks after HIV infection with many, but not all, individuals developing flu-like symptoms), (2) clinical latency (occurs when individual has virus living or developing in him without producing symptoms or only mild ones); and (3) AIDS (occurs when immune system is badly damaged and individual becomes vulnerable to opportunistic infections).  "Stages of HIV Infection," AIDS.gov, U.S. Department Of Health & Human Services, https://www.aids.gov/hiv-aids-basics/just-diagnosed-with-hiv-aids/hiv-in-your-body/stages-of-hiv/ (last revised Aug. 27, 2015).  Substantial evidence supports the ALJ conclusion that despite Randall's indication in the Medical Source Opinion Questionnaire that plaintiff had "AIDS," his disease had not progressed to that stage.[2]

Plaintiff also argues that the ALJ was predisposed to deny benefits because he relied on the

---

[1] The Court recognizes that the medical records refer to "HIV/AIDS NEW PATIENT VISIT," Tr. 270 and "HIV/AIDS FOLLOW UP VISIT," Tr. 251, 253, 255, 257, but those references do not establish that the terms are medically interchangeable for purposes of diagnosis.

[2] Plaintiff also testified that in 2008, a doctor told him that he had full blown AIDS, Tr. 29, 32, but the record provides no support for such a diagnosis.

fact that Randall noted on only one occasion that plaintiff complained of fatigue. Plaintiff apparently maintains that the records do not reflect fatigue on other occasions because Randall's office did not have a "check off blank" or "boilerplate provision" to indicate that the patient reported fatigue. Plaintiff's Social Security Brief (Doc. #15) at 28. Plaintiff offers no explanation why Randall adequately documented plaintiff's fatigue on the one and only visit when plaintiff asked Randall to help with a disability application. Indeed, the medical record for that one visit refers to "fatigue" as the reason that plaintiff was applying for disability and also a symptom along with "tiredness" in the "Review Of Systems" part of the record. Tr. 325. The ALJ did not rely on an occasional omission of the word "fatigue" in the records, but the complete absence of the word or similar words in every medical record except the one which refers to plaintiff's disability application. The ALJ reasonably discounted Randall's opinion in light of the isolated reference to fatigue on a single office visit. Accordingly, the Court rejects plaintiff's argument that the ALJ discussion of Randall's reference to fatigue was erroneous and showed that he was predisposed to deny benefits.

Finally, plaintiff argues that the ALJ "manufactured" the residual functional capacity assessment ("RFC") by substituting his own "medical opinion" for Randall's opinion. Plaintiff's Social Security Brief (Doc. #15) at 19. The ALJ was well within his province to determine plaintiff's RFC based on all of the evidence. See Dixon v. Apfel, No. 98–5167, 1999 WL 651389, at *2 (10th Cir. Aug. 26, 1999); 20 C.F.R. §§ 404.1545(a), 416.945(a). In the narrative discussion of an RFC assessment, the ALJ does not have to cite a medical opinion or medical evidence as to each RFC limitation. Castillo v. Astrue, No. 10-1052-JWL, 2011 WL 13627, at *10-11 (D. Kan. Jan. 4, 2011). The ALJ makes the administrative assessment of a claimant's RFC based on all the

evidence (medical and non-medical) of how claimant's impairments and related symptoms affect his ability to perform work related activities. SSR 96-5p; SSR 96-8p. Plaintiff has not shown that the ALJ erred in his determination of plaintiff's RFC.

In sum, substantial evidence supports the ALJ's decision to give little weight to Randall's opinion.

**IT IS THEREFORE ORDERED** that the Judgment of the Commissioner is **AFFIRMED.**

Dated this 30th day of September, 2015 at Kansas City, Kansas.

                                                          s/ Kathryn H. Vratil
                                                          KATHRYN H. VRATIL
                                                          United States District Judge